FRED J. GOINES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goines v. Commissioner
Docket No. 22645-82.
United States Tax Court
T.C. Memo 1985-264; 1985 Tax Ct. Memo LEXIS 368; 50 T.C.M. (CCH) 18; T.C.M. (RIA) 85264; June 3, 1985. James L. Edgar, for the petitioner. Osmun R. Latrobe and Philip J. Starr, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Dismiss for Lack of Jurisdiction and petitioner's Cross-Motion to Dismiss for Lack of Jurisdiction. [1] After a review of the record, we agree with and adopt his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: On November 1, 1982, respondent filed a "Motion to Dismiss for Lack of Jurisdiction" on the ground that the petition *370 was not filed within the statutory period prescribed by section 6213(a) or 7502. [2] On November 29, 1982, petitioner filed a response to respondent's Motion to Dismiss which was deemed to have been filed as a Cross-Motion to Dismiss for Lack of Jurisdiction on the ground that a duplicate original of the joint notice of deficiency was not sent to petitioner at his last known address or in the alternative that the single joint notice of deficiency was not sent to the last known address of the petitioner and his former spouse. (See Court Order dated December 22, 1982.) A hearing was held on the respective motions of the parties at Washington, D.C. on December 22, 1982. A further hearing on the parties' motions was held on August 14, 1984, at Oklahoma City, Oklahoma. This further hearing was calendared to permit the parties to present evidence and develop legal arguments relating to our decision in . Unlike earlier cases, in , we found that if the mailing results in actual notice without *371 prejudicial delay, the notice was sufficient to satisfy the requirement of a valid notice of deficiency. The initial hearing and briefs in this case predated our decision in Each party was represented by counsel at both hearings, and each party submitted briefs in support of their respective positions at each of the hearings. On June 4, 1981, respondent mailed the notice of deficiency upon which this case is based by certified mail to Fred Goines and Beverly Sue Goines ("Beverly") at 4822 South 74th East Avenue, Tulsa, Oklahoma (74th Avenue address). The statute of limitations regarding issuance of the notice was to expire on June 15, 1981. In the notice respondent determined a Federal income tax deficiency and addition to the tax as follows: Addition to Tax, I.R.C. 1954
Year
Deficiency
Section 6653(a)
1977
$15,381.30
$769.07
The 90-day period for filing a petition with this Court for redetermination of those deficiencies expired on Wednesday, September 2, 1981, which was not a legal holiday in the District of Columbia. On September 10, 1982, 463 days after the mailing of the notice *372 of deficiency this Court received and filed the petition herein. Petitioner was married to Beverly and filed a joint Federal income tax return for the period involved with the Internal Revenue Service Center at Austin, Texas on June 15, 1978. On the return their address was given 4204 East 52nd Street, Tulsa, Oklahoma (52nd Street address). At the time of the hearing and presumably on the date the petition herein was filed, petitioner resided at 4630 East 54th Street, Tulsa, Oklahoma. Late in 1980, petitioner and Beverly were experiencing marital difficulties and consulted separate attorneys regarding a divorce. It was agreed that petitioner would move and establish a separate residence upon the filing of the petition for divorce. Before the petition for divorce was filed, their home on 52nd Street was sold and Beverly established a new residence on 74th Avenue, the address to which the notice of deficiency was mailed. Because the divorce proceedings had not yet been filed, petitioner also moved his belongings to the 74th Avenue address. Effective December 20, 1980 Beverly filed a change of address with the U.S. Postal Service for herself and petitioner to the 74th Avenue address. *373 The petition for divorce was filed in early 1981, and shortly thereafter petitioner established a residence at 2930 South Yale Street in Tulsa, Oklahoma (Yale Street address). On February 6, 1981 petitioner filed a change of address with the U.S. Postal Service for himself from the 52nd Street address to the Yale Street address, where he was residing when the notice of deficiency was issued. On April 14, 1981 petitioner filed with the Internal Revenue Service Center at Austin, Texas a request for extension of time to file his 1980 Federal income tax return showing his address to be 2930 South Yale Street, Tulsa, Oklahoma. At no time did petitioner notify the District Director's office at Oklahoma City, Oklahoma, the office which issued the notice of deficiency, of a change of address. In November, 1980, while petitioner and Beverly were still residing at the 52nd Street address, the District Director's office in Oklahoma City opened an audit regarding the joint return filed by petitioner and Beverly for the year 1977. They were notified of the audit by ordinary mail on November 18, 1980. The letter was sent to the 52nd Street address and was not returned to the District Director's *374 office. When no reply to that letter was received, another letter was mailed. However, the second letter was erroneously addressed to the petitioner and Beverly at 4202 East 52nd Street (correct number of house was 4204). Again, no reply was received nor was the letter returned to the District Director's office. On May 1, 1981, another letter was sent to the 52nd Street address. The letter was purportedly sent by certified mail. However, having received no response to the letters sent to the 52nd Street address by May 12, 1981, the revenue agent requested change of address information from the United States Postal Service and was notified of the joint change of address requested by Beverly to the 74th Avenue address. The Postal Service did not notify the agent of petitioner's separate change of address. The revenue agent then sent a letter addressed to Mr. & Mrs. Goines at the 74th Avenue address. This letter was also purportedly sent by certified mail, and the receipt therefore signed by Beverly on May 30, 1981, giving as her address 6841 East 41st Street in Tulsa, Oklahoma [3] (41st Street address). This receipt (Exhibit E) was in the possession of the revenue agent prior *375 to the time the notice of deficiency was mailed. It is undisputed that the present petition was not mailed or received by this Court within the 90-day period prescribed in sections 6213(a) and 7502. Accordingly, if respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction. *376 . However, if respondent failed to issue a valid notice of deficiency prior to the expiration of the statute of limitations under section 6501, we must dismiss the case on that ground rather than for lack of timely filing a petition. ; . Section 6501(a) states that "[e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." Section 6213(a) generally prohibits the assessment of a deficiency with respect to such tax prior to the mailing of a notice of deficiency to the taxpayer. When a notice of deficiency is mailed to the taxpayer, the period of limitation under section 6501(a) is suspended for the period in which no assessment may be made and for 60 days thereafter. Section 6503(a). The requirements for a valid notice of deficiency are enumerated in section 6212. Petitioner argues that the notice of deficiency is invalid for three reasons. First, he contends that respondent was notified that *377 petitioner and Beverly had established separate residence and respondent's failure to send duplicate originals of the joint notice of deficiency to the last known address of each spouse invalidates the notice. Second, he argues that the single joint notice of deficiency which was sent was invalid because it was not sent to the last known address of petitioner and Beverly. Third, he maintains that he did not receive actual notice of the deficiency without prejudicial delay. Respondent disputes petitioner's contentions. Respondent maintains that notice of separate residences was not given and that the notice of deficiency was sent to the last address known to respondent for petitioner and Beverly. [4] In the alternative respondent argues that petitioner received actual notice of the deficiency without prejudicial delay. 1. Duplicate Original Joint Notices Section 6212(b)(2) states that where the Secretary is notified by either spouse who filed a joint return that separate residences have been established, duplicate originals of the joint notice of deficiency shall *378 be sent to each spouse at his or her last known address. The notification must be to the District Director's office where the return was filed. Section 301.6212-1(b)(2), Proced. & Admin. Regs.; . Section 6212(b)(2) requires that notification come from one of the spouses, and notification must be sufficiently clear to inform the appropriate official in the proper District Director's office that notice of separate residences to tax matters may be separately sent to each of the spouses. . Petitioner maintains that respondent knew or should have known that petitioner and Beverly had established separate residences because petitioner submitted a separate change of address with the U.S. Postal Service and filed a request for extension of time to file his 1980 Federal income tax return with the Internal Revenue Service Center in Austin, Texas. The request for extension is in petitioner's name alone. The address listed for petitioner on both the change of address form and the request for extension was the Yale Street address. We disagree with petitioner's contention. *379 Neither notice to the Postal Service in the form of a separate postal change of address nor an extension request filed with the Service Center is notice to the District Director's office. Section 6212(b)(2) allows respondent to rely on a single joint notice unless one of the spouses notifies the appropriate official in the District Director's office to the contrary. It is irrelevant that respondent should have known that separate residence were being maintained. See . Because neither petitioner nor Beverly notified the District Director's office that they were maintaining separate residences, respondent was entitled to send a single joint notice of deficiency to their last known address. 2. Last Known Address Section 6212(b)(1) provides that a notice of deficiency mailed to a taxpayer to his last known address shall be sufficient notice. A taxpayer's last known address is the address respondent reasonably believes that the taxpayer wishes to have respondent use in sending mail to him. ; ; *380 . What constitutes the taxpayer's last known address is a question of fact and is determined by considering all the relevant circumstances. . The relevant inquiry is as to respondent's knowledge rather than what actually may be the taxpayer's most current address. ; ; , affd. without published opinion . Respondent must exercise reasonable diligence when determining a taxpayer's last known address. ; . In the absence of clear and concise notification from the taxpayer directing respondent to use a different address, respondent may treat the address shown on the return for the year in question as the taxpayer's last known address. ; *381 . Merely filing a subsequent return with a new address does not, by itself, constitute clear and concise notification. . [5] However, if respondent becomes aware that the taxpayer has established a different residence, the notice of deficiency must be sent to that address. ; . Cf. . This is not the usual case in which respondent has mailed the notice of deficiency *382 to petitioner at the address on his return and petitioner contends that respondent knew of a later address. Here, respondent determined that an address other than the one shown on the return was petitioner's last known address. Therefore, we must determine whether respondent exercised reasonable diligence when he selected this address as the last known address. For the reasons discussed hereinbelow, we conclude that he did not. The statutory notice of deficiency was issued on June 4, 1981. On that date respondent knew that no response had been received to the two letters which were sent to petitioner and Beverly at the address on the return (the 52nd Street address). [6] Respondent also knew that Beverly had filed a postal change of address for herself and petitioner to the 74th Avenue address. Respondent did not know that petitioner had filed his own individual postal change of address, nor did respondent have reason to believe that petitioner's address would be different than the address of Beverly. Finally, respondent knew that Beverly had received and signed for a certified letter and had designated her address to be the 41st Street address. *383 Based on these facts it was reasonable for respondent to assume that petitioner and Beverly no longer resided at the 52nd Street address. In the absence of the existence of the receipt for certified mail (Exhibit E) it would have been reasonable for respondent to assume that the address at which petitioner and Beverly wished to receive mail was the 74th Avenue address. However, we cannot ignore the fact that respondent had this receipt in his possession at the time the notice of deficiency was mailed. This receipt clearly indicated that Beverly's address was the 41st Street address. Under the circumstances we believe that respondent had a duty to make a further inquiry as to which address was in fact the last known address or failing that, to issue a duplicate joint notice to each address. Respondent did neither and therefore failed to use reasonable diligence in ascertaining and mailing the notice to the last known address. 3. Actual Notice Our determination that the notice of deficiency was not sent to petitioner and Beverly's last known address does not end our inquiry. Under , we recognized that the requirements of *384 section 6212(a) may be met where the notice of deficiency is not sent to petitioner's last known address but is actually received by him without prejudicial delay. . Here, both parties were given the opportunity to present evidence as to whether petitioner received actual notice of the deficiency without prejudicial delay. Petitioner testified that he did not receive any notice of the deficiency until April 20, 1982, approximately 1 year after the expiration of the period for assessment under section 6501(a). Petitioner presented no other evidence either documentary or testimonial to support his contention. However, we found petitioner to be a credible witness and believe his testimony that he did not receive any notice of the deficiency prior to April 20, 1982. [7] In addition, in the circumstances we herein consider, we find it highly unlikely that petitioner or Beverly would simply ignore the notice of deficiency which informed them of a $15,381.30 deficiency and the opportunity to petition this Court without payment of the deficiency. *385 On the basis of this record we find that the notice of deficiency was not mailed to petitioner and Beverly's last known address and that neither received any notice of the deficiency prior to April 20, 1982. Accordingly we will deny respondent's motion to dismiss and grant petitioner's cross-motion to dismiss in this case for respondent's failure to issue a valid statutory notice of deficiency within the period prescribed by section 6501(a). An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. During the original hearing respondent introduced Exhibit D (a receipt for certified mail signed by one Lisa Wilson and dated May 13, 1981) and Exhibit E (a receipt for certified mail which was dated and signed for by Beverly on May 30, 1981). Petitioner objected to the introduction of these Exhibits on the grounds of relevance. On examination of the Exhibits we find and so hold that Exhibit D has no probative value whatsoever as the parties have not associated this receipt to the letter to which it relates and the receipt itself does not show any addresses or address. However, we find that Exhibit E which respondent maintains was in the possession of the revenue agent prior to the time the notice of deficiency was mailed is highly relevant to show respondent's knowledge of petitioner's last known address at the time the notice of deficiency was mailed.↩
4. Beverly is not a party to this case and the Court's records reflect no case on its docket in Beverly's name.↩
5. As in , petitioner here argues that respondent employs computerized equipment to update his files and could have discovered petitioner's Yale Street address listed on his request for extension prior to mailing the notice of deficiency. Petitioner has offered no evidence to support this contention, and we cannot presume that respondent could, in fact, have readily discovered petitioner's Yale Street address by means of such computerized equipment.↩
6. Petitioner maintains that he did not see these letters. A third letter was mailed to 4202 East 52nd Street, Tulsa, Oklahoma. Again, petitioner maintains that he did not see this letter.↩
7. Respondent declined to cross-examine petitioner as to his testimony relating to his knowledge of the deficiency. However, respondent did produce two witnesses to testify in support of his position that petitioner did receive actual notice of the deficiency without prejudicial delay. The first witness, Beverly, petitioner's former wife, was called to impeach petitioner's credibility. Beverly testified that petitioner had knowledge of two documents introduced into evidence in the first hearing as Exhibits A and B. Petitioner denied having knowledge of these documents at both hearings. Beverly's testimony was vague, in part, and she appeared to be unable to recall many of the details relating to the documents at issue. In addition we note that she testified in relation to these exhibits as follows: THE COURT: Did it have the amount of tax due on it? Did you read it? THE WITNESS: I don't recall. THE COURT: You don't know what it was, whether it was a printed form? Did it say notice of deficiency on it? THE WITNESS: I don't recall that. I recall that the amount was $15,000.00. THE COURT: Where was it showing? On the top, right hand side or was it shown some place else? THE WITNESS: Well, it's been some time. I don't recall. An examination of these exhibits clearly indicates that no monetary amount appeared on either of these documents, and we cannot find that Beverly's testimony is sufficient to impeach petitioner's credibility. Likewise, the testimony of respondent's second witness was not sufficient to impeach petitioner's credibility. Marjorie Goines ("Marjorie"), petitioner's sister-in-law, testified that petitioner had discussed his potential tax liability for 1977 with her and had admitted to her that he had received the notices from the Internal Revenue Service. Although Marjorie's testimony, if believed, would indicate that petitioner had received notice prior to the time he testified that he had, we note that Marjorie was not an unbiased witness and the record amply supports a finding that Marjorie had personal animosity towards petitioner and other members of the Goines family at the time of her testimony. Specifically, Marjorie was involved in a substantial financial dispute with her husband. At the time of the hearing Marjorie had filed two civil suits against her husband for a total of $36,900,000. The grounds for these actions were, in part, "libel, slander, defamation of character, appropriation of mailing list."↩